**GENERAL DYNAMICS CORPORATION,**
**Appellant,**

v.

**Maxine M. HARRIS, Appellee.**

**No. 5979.**

Court of Civil Appeals of Texas,
Waco.

May 3, 1979.
Rehearing Denied May 24, 1979.

David Fielding, McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Fort Worth, for appellant.

Gary J. Campbell, Kennedy, Minshew, Evans, Campbell & Cain, P. C., Sherman, for appellee.

## OPINION

HALL, Justice.

Appellant General Dynamics Corporation brought this appeal for review of a judgment against it granting appellee Maxine M. Harris recovery of retirement benefits in the sum of $2,783.22 which accrued to appellee's former husband during his employment with appellant, but were awarded to appellee by court order as part of the division of community property when she and Mr. Harris were divorced. Among other grounds for reversal, appellant asserts the court erred in denying its plea to abate this case until Mr. Harris was joined as a party. We overrule that contention, and the others, and affirm the judgment.

Appellee and Lloyd Dean Harris were married July 22, 1943. They were divorced on May 12, 1975, by judgment of the 15th Judicial District Court of Grayson County, Texas. Mr. Harris's employment with appellant began in April, 1952, and ended on July 9, 1971, for reasons other than retirement. When his employment was terminated in 1971, he was a member of appellant's retirement plan for salaried employees, which was funded by contributions from the employees and appellant. Also, at the time of termination, he was subject to an employment recall for a period of two years. When his recall period ended without action on July 9, 1973, he became a vested member of the retirement plan with a vested benefit under the terms of the plan in the amount of $2,783.22.

The judgment divorcing appellee and Mr. Harris was rendered on May 12, 1975. It recites that Mr. Harris waived issuance and service of citation, and that the case was determined by the court without a jury. It awarded custody of the couple's ten-year-old daughter to appellee, required Mr. Harris to make monthly child support payments, and granted him rights of visitation with the child. The property found to be community property was divided by the court in this manner: Shares of the stock of appellant General Dynamics Corporation were awarded to Mr. Harris. Appellee was awarded the parties' house and lot located in the City of Sherman, and the contents of the house, subject to any indebtedness thereon; and also "those certain community property retirement benefits accruing to [Mr. Harris] while married to [Mrs. Harris] and attributable to his employment with General Dynamics, Convair Aerospace Division, San Diego, California, and to his participation in and contributions to the General Dynamics Retirement Plan for Salaried Employees." The divorce decree then provided, "[Mr. Harris] is directed to execute a release of these retirement benefits directing General Dynamics, Convair Aerospace Division, San Diego, California, to pay said benefits to Petitioner, and should he fail to do so within a reasonable time following the entry of this Decree, then this Decree shall be self-executing and operate as a conveyance of [Mr. Harris's] interest in said benefits to [Mrs. Harris]."

Thereafter, appellee furnished appellant a copy of the divorce decree, and requested payment of the retirement benefits to her. Appellant refused. Appellee then brought this suit in August, 1976, in the 15th Judicial District Court of Grayson County, Texas, against appellant and the trustee of the retirement plan for recovery of the benefits. Eventually, on joint motion of the parties, the trustee was dismissed from the suit.

Appellant moved to abate the suit until Mr. Harris was joined as a party, pleading that the retirement benefits in question were his vested interests in the plan as a former salaried employee of appellant and as a former member of the plan; that his and appellant's rights and interests in respect to the benefits are defined in the plan; that payment of the benefits to appellee would be contrary to and in violation of the terms of the plan; and that it "should not be compelled to make any disposition of said benefits in violation and in breach of said plan unless and until the said Lloyd Dean Harris has been made a party

to this suit." After a hearing in August, 1977, the plea in abatement was denied. Appellant expressly reserved its objection to the ruling.

The case was then heard on its merits by the court without a jury in March, 1978. On the trial, the parties stipulated that the retirement benefits attributable to Mr. Harris's employment with appellant totaled $2,783.22; that, under the terms of the plan, when Mr. Harris's employment recall period ended in July, 1973, appellant "was obligated to pay" that sum to Mr. Harris "as the total value of his vested benefits under the retirement plan"; that because Mr. Harris did not execute an option for an annuity within the time allowed the benefits were payable in a lump sum; and that in the divorce judgment those benefits were awarded to appellee. At the conclusion of the trial, the judgment in question was rendered in favor of appellee against appellant in the amount of $2,783.22, which the court found in the judgment was "the value of such retirement benefits" awarded to appellee in the divorce decree.

Findings of fact and conclusions of law were not requested by the parties nor filed by the court.

Appellant first asserts that under the provisions of Rule 39, Vernon's Tex.Rules Civ.Proc., Mr. Harris should have been joined as a party to this action and that the court erred in denying the plea in abatement. In its pertinent parts, Rule 39 contains these provisions:

(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not

been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Appellant recognizes that under Texas law the divorce court was empowered to divide the Harris's property (including the retirement benefits) in the manner done. See, *Busby v. Busby* (Tex.1970) 457 S.W.2d 551. And, as we have said, appellant stipulated that in the divorce decree appellee was awarded the retirement benefits in question, and that it was at that time "obligated to pay" the benefits to Mr. Harris. However, appellant argues that Mr. Harris's "refusal" to comply with the decree and execute a release of the benefits to appellee "shows that he claims an interest in the retirement benefits," and that for this reason he should have been joined under Rule 39 to "protect his rights in the retirement plan" and to "protect appellant from possible double liability." We overrule those contentions. First, no evidence was adduced on the hearing of the plea in abatement showing that Mr. Harris had not executed the release or that he was claiming any interest in the benefits. Appellant's present contention in those regards must be based under the record on the following testimony of appellee on the trial on the merits: "I understand that under the terms of the divorce judgment Mr. Harris was ordered to execute an assignment of these benefits to me. And, alternatively, if he did not, then under the terms of the judgment that would not be required. I talked to him just two weeks ago and there was no way he was going to contest it in any way. He hasn't cooperated with me, but he hasn't refused anything, either." That testimony supports appellant's contention that Mr. Harris has not executed the release, but it does not establish as a matter of law that he claims any interest in the benefits. Rather, it supports an opposite implied finding by the court. Second, by the time the plea in abatement was heard in August, 1977, the divorce judgment by its terms had effected the release. Finally,

with or without the release by Mr. Harris, the divorce decree unqualifiedly awarded the retirement benefits to appellee. The benefits were vested in Mr. Harris at that time, and were owed to him by appellant. Accordingly, prior to the divorce appellant held the benefits in trust for Mr. Harris; after the divorce, appellant held the benefits in trust for appellee who was then sole owner thereof. *Teacher Retirement System Of Texas v. Neill,* 563 S.W.2d 873, 874–875, (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.). The trial court correctly found that Mr. Harris had no interest in the benefits and no legitimate claim thereto. Without such interest, Mr. Harris was a stranger to this suit, and his joinder was not required under Rule 39. The plea in abatement was properly overruled.

■ The regulation and administration of the retirement plan before us fall within the ambit of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Appellant asserts that State action over the subject matter of our suit was preempted by ERISA, and that under § 1144(a) and § 1132(a)(1)(B) appellee may not maintain this action. We disagree.

§ 1144(a) provides in relevant part that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." § 1132(a)(1)(B) provides, "(a) A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Additionally, we also notice subsection (e)(1) of § 1132, which sets forth these provisions:

"Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant [or] beneficiary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

It is undisputed that appellee is neither a "participant" nor a "beneficiary" within the meaning of those terms as defined and used in the Act. Accordingly, appellant asserts that under § 1132(a)(1)(B) she has no standing to bring this action, and the court erred in assuming jurisdiction over it.

Because ERISA was only recently enacted, few cases have construed its preemption feature. The case most factually in point with ours[1] is *Stone v. Stone,* 450 F.Supp. 919 (N.D.Cal.1978). Under the community property laws of the State of California Mrs. Stone was awarded an interest in her husband's vested retirement benefits under a plan subject to ERISA when the parties were divorced. In that case the identical contention made by our appellant, with reliance upon the same sections of ERISA cited by appellant, was considered and rejected by the federal court and it was held that Mrs. Stone was entitled to sue and recover judgment against the Pension Plan for the benefits awarded to her by the State court. In an exhaustive opinion which also dealt with other issues, the court held that neither the preemption clause nor a provision against transfer of the retirement benefits contained in ERISA prevented the award of the interest to Mrs. Stone. The court then reasoned that if the transfer

1. In the recent case of *Hisquierdo v. Hisquierdo,* —— U.S. ——, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) it was held that an award to the wife of an interest in her husband's expectation of future benefits under the Railroad Retirement Act of 1974, 45 U.S.C. § 231, was prohibited under that Act. The features of that Act upon which the decision was based, expressing the congressional intent and purpose of the Act, are so distinguishable from those in ERISA that we do not consider the ruling dispositive of our problem. For example, the benefits under the Railroad Retirement Act are funded from federal taxes, the assignment and anticipation of benefits are prohibited "under any circumstances whatsoever" except for the limited purpose of satisfying child support payments or an alimony obligation (which does not include a transfer to the employee's spouse under a division of their property), and the benefits accorded the spouse of a worker who dies are terminated when those parties are absolutely divorced.

of benefits was proper, then the cause of action set forth in § 1132(a)(1)(B) for recovery of the benefits was also transferred. The court said, "If Congress intended to permit divorced nonemployee spouses to receive their community interest in benefits directly from employee benefit plans, it is reasonable to conclude that Congress intended to give them the means to obtain the benefits which belong to them." [450 F.Supp. 933, n. 17]. We follow that reasoning. Under § 1132(e)(1), supra, the state courts and the federal courts have concurrent jurisdiction of that cause of action. See also, *Kerbow v. Kerbow,* 421 F.Supp. 1253 (N.D.Tex.1976).

Appellant's remaining points are also without merit. They are overruled.

The judgment is affirmed.