Donald J. RYAN, Appellant,

v.

Phyllis J. RYAN, Appellee.

No. 8708.

Court of Appeals of Texas, Beaumont.

Nov. 24, 1981.

Rehearing Denied Jan. 7, 1982.

James E. Montgomery, Jr., Beaumont, for appellant.

Buddie J. Hahn, Vidor, for appellee.

KEITH, Justice.

 The primary question presented in this appeal is: Do the provisions of the Employee Retirement Income Security Act, commonly known as ERISA [*29 U.S.C.A., § 1001, et seq.*], preempt state law and prohibit the division of the pension and retirement plan in a partition of the community property?

The appeal presents other questions of importance only to the litigants in the case and of no importance to the jurisprudence of the State. Consequently, we order Part I published and the remainder of the opinion, Part II, not published. *Tex.R.Civ.P. 452.* Because of an erroneous calculation of the amount awarded to the wife, as set out in Part II of the opinion, the judgment of the trial court is reversed and the cause is remanded.

## PART I

The former husband appeals from an adverse judgment which awarded to the wife a percentage of the retirement benefits to accrue in the future, payable on retirement, from the husband's long time employment with E. I. DuPont de Nemours & Co., (DuPont).

The parties were married twice, the first time in 1949, with the marriage ending in May, 1972, at a time when the husband had been employed by DuPont for about twenty-two years with a retirement plan which had vested. The retirement plan was not divided by the court in the first decree. Shortly thereafter, the parties remarried, lived together for a few months and divorced again in October, 1972. This latter decree, insofar as material, awarded the husband:

"2. All employee benefits, including company life insurance, provided that the five children born to this marriage ... shall be included as beneficiaries on life insurance."

This suit to recover her share of the benefits was filed on April 14, 1980, almost eight years after the original decree.

The wife joined DuPont as a party defendant but it entered no appearance. In a bench trial judgment was entered awarding the wife her proportionate part of the pension payments when and as paid by DuPont, ordered the husband not to reduce the benefits of the wife "by any option chosen by" him, and directed DuPont to make all payments due the wife directly to her.

We find no merit to the first contention that ERISA, by preemption, has deprived the wife of all of her community interest earned through her twenty-two years participation in creating this estate. Primary reliance is placed upon *McCarty v. McCarty,* —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* involved military retirement benefits created and governed by federal statutes, and the Court held that there was a conflict between the state-created community property interest and the benefits the Congress intended for the retired military man. (Part III B, —— U.S. ——, 101 S.Ct. 2741, 69 L.Ed.2d 605, et seq.) Thus the Supremacy Clause in the Constitution prevailed over state law. See also, *Trahan v. Trahan,* 626 S.W.2d 485 (Tex.1981), following *McCarty,* supra.

Great reliance also has been placed in the Court's recent opinion in *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), relating to Railroad Retirement benefits. See also, *Eichelberger v. Eichelberger,* 582 S.W.2d 395 (Tex. 1979), following *Hisquierdo,* supra.[1]

1. An even more recent case, *Ridgway v. Ridgway,* ——. U.S. ——, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), discusses the federal preemption doctrine forming the base of the decisions in *Hisquierdo* and *McCarty,* both supra. In *Ridgway,* the provisions of the Servicemen's Group Life Insurance Act [*38 U.S.C.A. § 765,* *et seq. (1979)*] relating to the change of beneficiaries of a policy of life insurance prevailed over an inconsistent state court decision affecting the policy. As in *Hisquierdo* and *McCarty,* the Supremacy Clause was held to be controlling.

We answer the question in the negative: There has been no federal preemption by ERISA. In *Ex parte Burson*, 615 S.W.2d 192, 195, fn. 5(1) (Tex.1981), the Court held that the federal "statutes control the property characterization of each and the fact of, or lack of, federal preemption of each." Numerous cases were cited in the footnote supporting the quoted holding, including *General Dynamics Corp. v. Harris*, 581 S.W.2d 300 (Tex.Civ.App.—Waco 1979, no writ).[2]

In addition to *Stone*, cited by the Supreme Court in *Burson*, our attention has been called to another case which was submitted and determined upon the same date by the Ninth Circuit, *Carpenters Pension Trust, etc. v. Kronschnabel*, 632 F.2d 745 (9th Cir. 1980), wherein the Court held that the Supreme Court of the United States had determined that ERISA did not preempt state community laws. This latter determination was made, according to the Ninth Circuit, in the case of *In re Marriage of Campa*, 89 Cal.App.3d 113, 152 Cal.Rptr. 362 (1979), appeal dismissed, 444 U.S. 1028, 100 S.Ct. 696, 62 L.Ed.2d 664 (1980). It was held in *Kronschnabel* that the summary dismissal for want of a properly presented substantial federal question operated as a decision on the merits. (632 F.2d at 747)

We overrule the husband's first point of error contending that ERISA preempts state law and prohibits division of the pension and retirement plan.

For the reasons set out in Part II, which do not involve any questions discussed in Part I, the judgment of the trial court is reversed and the cause is remanded with instructions to enter a decree in favor of the wife in accordance with this opinion.

.

*Ridgway* is consistent with the holdings in *McCarty* and *Hisquierdo* but does not alter our views or holding in the case at bar.

2. The intermediate court in *Harris*, supra, relied upon the trial court opinion in *Stone v. Stone*,

450 F.Supp. 919 (N.D.Cal.1978). Our Supreme Court cited the appellate decision affirming *Stone: Stone v. Stone*, 632 F.2d 740 (9th Cir. 1980).