Donald V. MAXFIELD, Plaintiff,

v.

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH, WELFARE AND PENSION FUNDS, Trustees Loran W. Robbins, Marion M. Winstead, Harold J. Yates, Earl L. Jennings, Jr., Robert J. Baker, Howard McDougall, Thomas F. O'Malley, R.V. Pulliam, Sr., Jack Yarbrough, Assistant Executive Director, and John Dwyer, Former Executive Director, Defendants.

No. 80 C 3187.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1982.

James C. Hardman, Chicago, Ill., Sherman & Sherman, Raymond M. Deeny, Walter V. Siebert, Denver, Colo., for plaintiff.

Frank J. Carey, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION AND ORDER

NORDBERG, District Judge.

Plaintiff Donald V. Maxfield ("Maxfield") brought this action against his former employer, Defendant Central States Pension Funds ("Fund") and various Trustees and Directors of the Fund for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and the common law of Illinois in relation to his discharge.[1] This action is presently before the Court on five separate motions filed by defendants. The rulings of these motions are set forth below.

## FACTS

Maxfield was employed as a comptroller for the fund until he was discharged on September 18, 1979. He was not given any specific reasons for his dismissal at the time,[2] but evidence adverse to his job performance has been presented through depositions and affidavits of his supervisors [3]

---

1. Jurisdiction is premised on 29 U.S.C. § 626(b), 29 U.S.C. §§ 1132, 1140.

2. *See* Maxfield's Deposition, Volume II, p. 3.

3. *See* Affidavits of Maxfield, Michael F. Shanley, Aaron J. Fischer, Jack Yarbrough, Ernest A. Sims, Pepito Guinto, Randall J. Johnson. *Also see* Depositions of Jack Yarbrough, John I. Sherry and Maxfield.

taken as part of discovery in the instant action. Maxfield filed a four count amended complaint alleging violations of the ADEA, 29 U.S.C. § 621, ERISA, 29 U.S.C. § 1001 *et seq.,* and the public policy of Illinois, as well as loss of additional pension benefits in relation to his discharge from the Fund.

### MOTION TO STRIKE PUNITIVE DAMAGES

■ Defendants' Motion to strike punitive damages prayer from Count II, alleging violations of ERISA, 29 U.S.C. § 1001, of Plaintiff's Amended Complaint is granted. While the District Courts are not unanimous on the issue of the availability of punitive damages for a claim under ERISA, the instant action falls within the majority view denying such relief. The Eighth Circuit stated:

> We do not think punitive damages are provided for in ERISA. Ordinarily, punitive damages are not presumed; they are not the norm; and nowhere in ERISA are they mentioned... We believe that, as a matter of federal common law, an award of punitive damages is inappropriate to a claim of interference with employee benefit plans. *Dependahl v. Falstaff Brewing Corp.* 653 F.2d 1208, 1216 (8th Cir.1981) *cert. den.* [454 U.S. 968] 102 S.Ct. 512 [70 L.Ed.2d 384] (1981) (citations omitted)

Plaintiff Maxfield relies on *Bittner v. Sadoff & Rudoy Industries,* 490 F.Supp. 534 (E.D.Wis.1980) in which a motion to strike punitive damages under an ERISA claim was denied. The *Bittner* Court, however, held that only the employer could be held liable for payment on any punitive damage award. The Court also noted that the punitive prayer was not unreasonable in light of what possibly could be awarded.

The case at bar is distinguishable from *Bittner, supra.* If liability is ultimately found on Count II, the ERISA charge, and punitive damages are awarded, the Fund itself would have to pay. That result would be contrary to the remedial nature of ERISA, 29 U.S.C. § 1001(b). *Hurn v. Retirement Fund Trust Of The Plumbing, Heating And Piping Industry Of Southern California,* 424 F.Supp. 80 (C.D.Cal.1976); *Calhoun v. Falstaff Brewing Corp.,* 478 F.Supp. 357 (E.D.Mo.1979); *Dependahl, supra.*

Accordingly, defendants' motion to strike the punitive damages prayer from Count II of plaintiff's amended complaint is granted.

### MOTION TO DISMISS COUNT III

■ Defendants' motion to dismiss Count III is granted. Count III of the Amended Complaint alleges that plaintiff should have received additional pension benefits. Plaintiff argues that these benefits are due and owing pursuant to 29 U.S.C. § 1140 with civil enforcement available under 29 U.S.C. § 1132(a). The language of Count III, however, appears to track 29 U.S.C. § 1141, a criminal provision, in which enforcement is the exclusive prerogative of the attorney general. *West v. Butler,* 621 F.2d 240, 240 (6th Cir.1980). Count II of the instant complaint is premised upon 29 U.S.C. § 1140. Therefore, if plaintiff premised Count III upon § 1141, it is dismissed pursuant to *Butler supra,* and if plaintiff premised Count III upon § 1140, it is dismissed due to its redundancy with Count II.

Accordingly, defendants' motion to dismiss Count III of plaintiff's amended complaint, pursuant to Rule 12(b)(6), F.R.C.P., is granted.

### MOTION TO DISMISS COUNT IV

■ Defendants' motion to dismiss Count IV of plaintiff's amended complaint alleging retaliatory discharge violating the public policy of Illinois, is granted. ERISA, 29 U.S.C. § 1141, preempts this state claim, because 29 U.S.C. §§ 1132 and 1140 expressly provide a remedy for this type of wrong. ERISA's broad remedial policy coupled with its express preemption provisions indicate that Congress intended to occupy the field of employee benefit plans.

The Eighth Circuit, in *Dependahl supra,* expressed this preemption doctrine as follows:

Congress ... saw a need to set minimum uniform national standards for employee benefit plans and to provide for uniform remedies in the enforcement of the plans. In doing so, Congress preempted all state laws which relate to employee benefit plans, not only state laws which directly attempt to regulate an area expressly covered by ERISA. *Wadsworth v. Whaland,* 562 F.2d 70, 77 (1st Cir.1977) (Lay, J.), *cert. den.,* 435 U.S. 980, 98 S.Ct. 1630 [56 L.Ed.2d 72] (1978). Congress 'meant to establish pension plan regulation as exclusively a federal concern; limited only by the terms of ERISA itself.' *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895 [68 L.Ed.2d 402] (1981) (footnote omitted) *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1215 (8th Cir.1981)

Maxfield's argument regarding the pendent nature of his claim in Count IV to his other federal claims under the doctrine set forth in *United Mineworkers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) need not be addressed.[4] The Court holds that Count IV is preempted by 29 U.S.C. § 1144 and thus the pendency issue is moot.

Accordingly, defendants' motion to dismiss Count IV of plaintiff's amended complaint, pursuant to Rule 12(b)(6), F.R.C.P., is granted.

## MOTION FOR SUMMARY JUDGMENT

Defendant's motion for summary judgment is denied. Count III and Count IV of the instant complaint have been previously dismissed in this Order pursuant to Rule 12(b)(6), F.R.C.P. Therefore, only Count I, charging violations of the ADEA and Count II, charging violations of ERISA, remain ripe for summary adjudication.

In support of a motion for summary judgment, the moving party has the burden of showing that there is no dispute as to any genuine issue of material fact and that the party is entitled to a judgment in his favor as a matter of law. *Cedillo v. International Association of Bridge and Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence presented. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Moutous v. Gulling Auto Electric, Inc.,* 295 F.2d 573 (7th Cir. 1961). When questions of motive and intent are involved, this circuit has observed that summary judgment is particularly inappropriate. *Cedillo, supra,* 603 F.2d at 11.

### A.

Maxfield's first claim for relief alleges a violation of ADEA, 29 U.S.C. § 621, *et seq.* While Maxfield has not presented any specific evidence supporting his claim, he asserts that defendants' statements regarding his dismissal, which arguably amount to a legitimate discharge for cause, are merely pretextual. Maxfield alleges that his age was the real underlying reason for his discharge.[5] Defendants argue that Maxfield has failed to establish a prima facie case sufficient to withstand a motion for summary judgment and that his discharge was clearly justified and done for cause.[6]

The Seventh Circuit recently stated that "... to establish a cause of action under ADEA, a claimant must show that he was discriminated against *because of his age."* *Golomb v. Prudential Insurance Company of America,* 688 F.2d 547, 550 (7th

---

**4.** The Supreme Court in *Alessi, supra,* 451 U.S. at 525, 101 S.Ct. at 1907 noted that, "ERISA's authors clearly meant to preclude the states from avoiding through form the substance of the preemption provision." Therefore, plaintiff Maxfield's attempt to add a pendent state claim of retaliatory discharge asking for punitive damages should not be allowed. This Court has ruled earlier that punitive damages are not available under ERISA and thus should not be available under a comparable state claim.

**5.** Maxfield is 66 years old.

**6.** Defendants argue that Maxfield's job performance was not satisfactory and that he caused difficulty in relations with co-employees.

Cir.1982) (original emphasis).[7] The Supreme Court has set forth a standard by which a plaintiff may establish a violation of the ADEA by alleging the necessary "discriminated against because of age element." In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Court held that a plaintiff in a suit alleging job discrimination must first establish a prima facie case of discrimination, after which the burden shifts to the defendant-employer "to articulate some legitimate, non-discriminatory reason," *id.* at 803, 93 S.Ct. at 1824, for its action. If such a valid business reason is articulated by the defendant, the burden shifts back to the plaintiff to prove that the employer's reason is actually "a pretext for the sort of discrimination prohibited" and that the employer's "stated reason [for its action] was in fact a pretext." *Id.* at 804, 93 S.Ct. at 1825.[8]

■ The Supreme Court has recently summarized the *McDonnell Douglas* test as follows:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089 [1093, 67 L.Ed.2d 207] (1981)

The plaintiff need not prove that the employer's articulated reason was false. "Instead, the plaintiff must prove that age was a *determining factor* in the employer's decision; the employer's articulated reason may in fact have been true. But if age was also a determining factor in the employer's decision the plaintiff has carried his burden of proof." *Golomb, supra,* 688 F.2d at 551.

■ In the instant action, making all reasonable inferences in favor of Maxfield, there are material issues of fact in dispute when reviewed under the standard mandated for summary adjudication. It is difficult to determine at this point the exact reason why Maxfield was discharged. Therefore, in light of the *McDonnell Douglas* test and the summary judgment standard set forth above, defendant's motion for summary judgment on Count I of the amended complaint is denied.

### B.

■ Maxfield's second claim for relief alleges a violation of ERISA, 29 U.S.C. § 1001 *et seq.* by discharging and discriminating against the plaintiff for his full disclosure of information to the Department of Labor. ERISA makes it unlawful to discharge or discriminate against any person because he has given information in any inquiry or proceeding relating to ERISA, 29 U.S.C. § 1140. Plaintiff Maxfield allegedly failed to adhere to his employer's policy of having Fund attorneys present when speaking with government investigators. Maxfield contends that all his conversations with government investigators were purely personal in nature.

Again, making all reasonable inferences in favor of the non-moving party, as the Court is obliged to do on a motion for summary judgment, *United States v. Die-*

---

**7.** The ADEA states in pertinent part:

"(a) It shall be unlawful for an employer—
(1) To fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)

**8.** *McDonnell Douglas, supra* involved a suit brought under Title VII of the Civil Rights Act of 1964 alleging racial discrimination. But the order of proof test set out in *McDonnell Douglas* has been adopted by the courts in the field of age discrimination as well. *See Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1219 (7th Cir.1980); *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979),

*bold, supra,* 369 U.S. 654 at 655, 82 S.Ct. 993 at 994, 8 L.Ed.2d 176, there are material issues of fact in dispute regarding plaintiff's second claim for relief. Questions of motive and intent are involved in defendants' decision to discharge Maxfield, and therefore the issue is particularly inappropriate for summary adjudication. *Cedillo, supra,* 603 F.2d at 11. It is unclear from the material presented to the Court what the exact reasons were for terminating Maxfield.

Accordingly, defendants' motion for summary judgment of Count I and Count II is denied.

### MOTION TO DISMISS INDIVIDUALLY NAMED DEFENDANTS

Defendants have moved to dismiss the Health, Welfare, and Pension Fund Board of Trustees[9] in their individual capacities from the case at bar for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R.C.P. Maxfield does not object to this motion and does not seek redress against the Trustees in their individual capacities, but only in their Trustee capacity. Maxfield did not name the individual Trustees in his charge of discrimination filed with the Equal Employment Opportunity Commission and has never argued that these individual defendants have discriminated against him or have otherwise violated his rights. *See Goodman v. Board of Trustees,* 498 F.Supp. 1329 (N.D.Ill.1980).

Accordingly, defendants' motion to dismiss the individually named Trustees is granted. The only remaining defendants are Central States, Southeast and Southwest Areas Health, Welfare and Pension Funds.

### CONCLUSION

1. Defendants' motion to strike the punitive damages prayer from Count II of plaintiff's amended complaint is granted.

9. The named Trustees include: Robert J. Baker, Earl L. Jennings, Jr., Howard McDougall, Thomas L. O'Malley, R.V. Pulliam, Loran W.

2. Defendants' motion to dismiss Count III of plaintiff's amended complaint pursuant to Rule 12(b)(6), F.R.C.P. is granted.
3. Defendants' motion to dismiss Count IV of plaintiff's amended complaint pursuant to Rule 12(b)(6), F.R.C.P. is granted.
4. Defendants' motion for summary judgment of Count I and Count II is denied.
5. Defendants' motion to dismiss the individually named Trustees is granted.

IT IS SO ORDERED.

Robbins, Marion M. Winstead and Harold S. Yates.