**Jane Bailey EICHELBERGER**

v.

**Phillip T. EICHELBERGER, et al.**

**Civ.A. No. H–82–1436.**

United States District Court,
S.D. Texas,
Houston Division.

May 14, 1984.

Haynes & Fullenwider, Scott Ramsey, Houston, Tex., for plaintiff.

Blackburn, Gamble, Henderson & Grubb, John K. Grubb, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER:

STERLING, District Judge.

*Facts*

Pursuant to the terms of a Decree of Divorce granted by the 257th Judicial District Court of Harris County, Texas, Plaintiff was awarded an undivided one/half (½) interest in Defendant Phillip T. Eichelberger's accrued monthly pension under a defined benefit investment fund pension plan ("The Plan") organized pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* In addition, under the terms of the plan as amended by order of the court and agreement of the parties, Plaintiff was given the right to a segregated account composed of her undivided one/half (½) interest, and was further given the right to direct the trustee and plan administrator, Phillip Eichelberger, in the investment of this separate account. The decree of divorce was not appealed by either party and is a final judgment.

The Decree of Divorce was entered on December 14, 1979, and thereafter the plan was amended by Defendants and Plaintiff's portion was segregated into a separate account as of March 1, 1980. Plaintiff requested this separation by a written notice and further gave explicit instructions concerning how this separate account was to be invested. On numerous occasions, Plaintiff both gave instructions concerning the investment of her separate account and requested information concerning the assets in this separate account.

Plaintiff is seeking control of this separate account as well as damages for the loss occasioned by Defendants' refusal to invest according to her instructions and Defendants' refusal as trustee to supply the information concerning this account requested by Plaintiff. Damages requested include attorney's fees and costs of court.

Defendant Phillip T. Eichelberger, by counterclaim, is seeking to be declared the sole owner of all employee benefits arising out of his employment.

*Jurisdiction*

The Court has jurisdiction pursuant to 29 U.S.C. § 1132(a), (e) and (f) and 28 U.S.C. § 2201.

*Discussion*

The central legal issue in this case is whether the community property laws of the State of Texas and the related decisions of its courts are preempted by the provisions of ERISA, 29 U.S.C. § 1001 *et seq.* which prohibits assignment and alienation of plan benefits to spouses in divorce proceedings.[1]

Federal decisions generally have concluded against ERISA preemption of state law. *See In re Marriage of Campa,* 89 Cal. App.3d 113, 152 Cal.Rptr. 362 (1979), *appeal dismissed for want of a substantial federal question,*[2] 444 U.S. 1028, 100 S.Ct.

---

**1.** Section 1144(a) of ERISA provides "... the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title..."

Section 1144(c)(1) provides that "[t]he term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."

**2.** "A summary dismissal by the Supreme Court of an appeal from a state court for want of a substantial federal question, when the federal question is properly presented and within the Supreme Court's appellate jurisdiction under 28 U.S.C. § 1257(2), operates as a decision on the merits. *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975). [citations omitted]." *Carpenters Pension Trust, supra,* 632 F.2d at 747. *See also Mandel v. Bradley,* 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977) (per curiam).

The *Campa* case "definitively presented the question whether ERISA preempts state-court orders directing a pension plan to pay a community property share of a participant's monthly benefits to his or her ex-spouse. The Supreme Court has answered that question in the negative." *Carpenters Pension Trust, supra,* 632 F.2d at 748–49.

696, 62 L.Ed.2d 664 (1980); *Carpenters Pension Trust for Southern California v. Kronschnabel,* 632 F.2d 745 (9th Cir.1980), *cert. denied* 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981) (trustees of ERISA regulated pension plan may be required by state law to pay some portion of a pension directly to a participant's ex-spouse); *Stone v. Stone,* 632 F.2d 740 (9th Cir.1980), *cert. denied* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981); *American Telephone and Telegraph Company v. Merry,* 592 F.2d 118 (2nd Cir.1979) state court could garnish ERISA pension plan to satisfy court ordered alimony obligation.[3]

Preemption has also been rejected by the Texas state courts. *See Ryan v. Ryan,* 626 S.W.2d 103 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.); *General Dynamics Corp. v. Harris,* 581 S.W.2d 300 (Tex.Civ.App.— Waco 1979, no writ).

The parties admit that the decree of divorce was not appealed and is a final judgment for purposes of Texas law. Joint Pretrial Order, 3. Persuasive authority rejects the retroactive federal preemption of state court judgments. *See Segrest v. Segrest,* 649 S.W.2d 610 (Tex.1983), *cert. denied* —— U.S. ——, 104 S.Ct. 242, 78 L.Ed.2d 232; *Erspan v. Badgett,* 647 F.2d 550 (5th Cir.1981), *reh'g denied en banc,* 659 F.2d 26, *cert. denied* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Wilson v. Wilson,* 667 F.2d 497 (5th Cir.1982), *cert. denied* 458 U.S. 1107, 102 S.Ct. 3485, 73 L.Ed.2d 1368.

■ The Court is persuaded by the authorities and arguments advanced by Plaintiff, and concludes that ERISA has not preempted the community property laws of the State of Texas upon the facts of this case.

*Relief*

Plaintiff has petitioned this Court for preliminary and permanent injunctive relief requiring Phillip T. Eichelberger to abide by Plaintiff's investment instructions and to provide Plaintiff with information; for an accounting to establish whether or not Plaintiff has suffered any economic loss from Defendant's acts; and exemplary damages, attorney's fees and court costs. Original Complaint and Application for Preliminary Injunction, 4. The jurisdictional basis for Plaintiff's requested relief is 29 U.S.C. § 1132(a), (e) and (f); Defendants' counterclaim is based on this Court's jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 2201.

■ While this Court generally should not "exercise its judicial discretion to dismiss a suit merely because a State court could entertain it," *Alabama Pub. Serv. Comm'n v. Southern R. Co.,* 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002 (1951) (Frankfurter, J., concurring in result), this Court "should refrain from exercising its jurisdiction in order to avoid needless conflict with the administration by a state of its own affairs." C.A. Wright, LAW OF FEDERAL COURTS 222 (3d ed. 1976). The relief demanded by the parties in this case would require the Court to involve itself unnecessarily in this state court divorce proceeding, which is comprehensively and exclusively regulated by Texas laws. This the Court refuses to do. The proper forum for this dispute involving the enforcement of a valid judgment of divorce is Texas state court.

While this case does not fall precisely within any of the three categories for which abstention is the traditional result, *see Colorado River Water Cons. Dist. v. U.S.,* 424 U.S. 800, 814–17, 96 S.Ct. 1236, 1244–46, 47 L.Ed.2d 483 (1976), the exercise of jurisdiction by the Court would constitute an unwarranted intrusion into state affairs. Dismissal is the appropriate result. *Id.,* 820, 96 S.Ct. 1247.

---

**3.** *But cf. Maxfield v. Central States, Southeast and Southwest Areas Health, Welfare and Pension Funds,* 559 F.Supp. 158 (N.D.Ill.1982); *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.1981), *cert. denied* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384; *Trustees of Sheet Metal Workers' International Association Production Workers' Welfare Fund (New York) v. Aberdeen Blower and Sheet Metal Workers, Inc.,* 559 F.Supp. 561 (E.D.N.Y.1983).

The cause is DISMISSED, each side to bear its own costs.