Winard ANDERSON, et al., Plaintiffs,

v.

The TORRINGTON
COMPANY, Defendant.

No. S85–483.

United States District Court,
N.D. Indiana,
South Bend Division.

June 20, 1988.

See also 120 F.R.D. 82.

Richard J. Swanson, Indianapolis, Ind., Timothy P. McLaughlin, South Bend, Ind., for plaintiffs.

Roger W. Benko, Elkhart, Ind., Franklin A. Morse, II, Douglas Small, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on defendant Torrington Company's motion for partial summary judgment filed pursuant to Fed.R.Civ.P. 56. On April 29, 1988, the court afforded the plaintiffs until May 29, 1988 to file a response. No response has been filed, and the time to file a timely response has passed. Jurisdiction is conferred by 29 U.S.C. § 626(c) and 29 U.S.C. § 1132(e).

### I. Introduction

The Torrington Company operated a manufacturing plant in South Bend, Indiana. The plant closed on April 30, 1984. The plaintiffs are former Torrington employees who were terminated as a result of the plant closing. This action consists of allegations that form the basis of a two count complaint: Count I alleges a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; and Count II is a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

In Count II, the plaintiffs allege that their termination by Torrington was for the purpose of interfering with their continued attainment of rights under Torrington's pension and benefit plans. The plaintiffs further allege that Torrington's actions were wanton and malicious, thereby entitling them to the recovery of punitive damages in the amount of $5,000,000.00. (Amended complaint, ¶¶ 13, 14, 15).

Torrington seeks partial summary judgment on the issue of punitive damages arguing they are entitled to judgment as a matter of law as punitive damages are not recoverable for claims asserted under Sections 510 and 502(a) of ERISA, 29 U.S.C. §§ 1132(a) and 1140.

## II. Standard of Review of Summary Judgment Motions

In a summary judgment motion, the movant must first demonstrate, by way of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that (1) no genuine issues of material fact exist for trial, and (2) the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Munson v. Friske*, 754 F.2d 683 (7th Cir.1985). If the motion's opponent would bear the burden of proof at trial on the matter that forms the basis of the summary judgment motion, the burden of proof shifts to the motion's opponent if the movant makes its initial showing, and the motion's opponent must come forth and produce affidavits, depositions, or other admissible documentation to show what facts are actually in dispute. *Celotex*, 477 U.S. 317, 106 S.Ct. 2548; *Valentine v. Joliet Township High Sch. Dist. No. 204*, 802 F.2d 981 (7th Cir.1986); *Klein v. Trustees of Indiana University*, 766 F.2d 275, 283 (7th Cir.1985). Summary judgment should be granted only if no reasonable jury could return a verdict for the motion's opponent. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260 (7th Cir.1986).

When the parties do not dispute the factual basis of a motion for summary judgment, the reviewing court's only inquiry is whether judgment should issue as a matter of law. The burden of proof on this matter rests with the moving party. Summary judgment is inappropriate, however, if the parties disagree about inferences reasonably to be drawn from undisputed facts. *Bowyer v. United States Dept. of Air Force*, 804 F.2d 428 (7th Cir.1986).

When the parties dispute the facts, the parties must produce proper documentary evidence to support their contentions. The parties cannot rest on mere allegations in the pleadings, *Boruski v. United States*, 803 F.2d 1421 (7th Cir.1986); *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336, (1983), or upon conclusory statements in affidavits. *First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1011 (7th Cir.1985). Any permissible reasonable inferences from the documentary evidence must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Munson*, 754 F.2d at 690; *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir.1972). A party need not try its case by affidavit, but it must set forth some facts from which the court can reasonably infer that the party would be able to produce some evidence at trial to support its theory. *Matter of Morris Paint and Varnish Co.*, 773 F.2d 130 (7th Cir.1985). The non-moving party must show that the disputed fact is material, that is, outcome-determinative under the applicable law. *Wainwright Bank & Trust Co. v. Railroadmens Federal Savings & Loan Ass'n*, 806 F.2d 146 (7th Cir. 1986).

The defendant's summary judgment motion must be addressed with these standards in mind.

### III. Analysis

In their amended complaint, the plaintiffs allege that Torrington violated Section 510 of ERISA, 29 U.S.C. § 1140.[1] Section

---

**1. 29 U.S.C. § 1140. Interference with protected rights**

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act

[29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or

510 is to be enforced through Section 502, 29 U.S.C. § 1132.[2]

In *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618 (7th Cir.1987), the Seventh Circuit held that punitive damages are not available under ERISA in light of *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) and other federal decisions: *Powell v. Chesapeake & Potomac Telephone Co.*, 780 F.2d 419 (4th Cir.1985), *cert. denied* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208 (8th Cir.1981), *cert. denied* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981); *Maxfield v. Central States Health, Welfare and Pension Funds*, 559 F.Supp. 158, 160 (N.D. Ill.1982). *Accord, Forys v. United Food & Commercial Workers' International Union*, 829 F.2d 603, 604 n. 2 (7th Cir.1987). In light of this overwhelming authority and the lack of any competing interpretation posited by the plaintiffs, the court finds Torrington to be entitled to judgment as a matter of law on the punitive damage issue.

### IV. *Conclusion*

For the foregoing reasons, the court GRANTS Torrington Company's motion for partial summary judgment.

SO ORDERED.

proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act. The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

2. **29 U.S.C. § 1132. Civil enforcement**

(a) **Persons empowered to bring a civil action**

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;

(5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or

(6) by the Secretary to collect any civil penalty under subsection (i) of this section.