Alice Early ALEXANDER, Appellant,

v.

Katherine Marie
ALEXANDER, Appellee.

No. 2–88–254–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 24, 1990.

Andrew L. Vogel and D. Lee Thomas, Jr., Fort Worth, for appellant.

Stites, Hoover, Clark & Smith, P.C., and Robert T. Stites, Fort Worth, for appellee.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

OPINION

HILL, Justice.

Alice Early Alexander, the surviving spouse of Marvin M. Alexander, Jr., appeals from the trial court's judgment awarding to Katherine Alexander, Marvin's prior spouse, certain benefits of Marvin's contingent retirement benefit plan from General Dynamics. These benefits became payable after Marvin's retirement from General Dynamics and his subsequent death. Alice urges in six points of error that the trial court erred in finding that she had no interest in the benefits, and in awarding all interest in those benefits to Katherine. She contends in two additional points of error that the trial court erred in awarding judgment against her for attorney's fees for Katherine and for the interpleader, the General Dynamics Corporation Retirement Plan for Salaried Employees. We reform the judgment to delete the award of attorney's fees to Katherine, and affirm the judgment as reformed.

In points of error numbers one through six, Alice argues that the trial court erred in awarding all of the benefits of Marvin's contingent retirement benefit plan to Katherine, Marvin's former spouse.

This was a bench trial and the parties stipulated to the facts in a trial to the

court. The court later filed findings of fact and conclusions of law. Marvin and Katherine were divorced in the 325th District Court of Tarrant County, Texas, on September 11, 1980, after being married for thirty-nine years. At the time of the divorce, Marvin had been employed at General Dynamics for thirty-eight years. The divorce decree provided that at the date of retirement Marvin agreed to irrevocably designate and select the fifty percent contingent annuitant option for his retirement plan benefits, and to irrevocably designate Katherine as the beneficiary of the benefits. After the divorce, Marvin continued working at General Dynamics and continued participating in the General Dynamics Retirement Plan for Salaried Employees. His continued participation in the plan after the divorce resulted in increased pension benefits.

Alice married Marvin on September 4, 1981. Marvin retired from General Dynamics on April 30, 1984. Marvin died February 14, 1985. Prior to his death, Marvin designated Alice, not Katherine, as the beneficiary of his fifty percent contingent annuitant option, payable upon his death. In its conclusions of law, the trial court determined Marvin breached the agreement incident to divorce by designating Alice as beneficiary under the plan in strict violation of the agreement he made with Katherine, and that Marvin contracted away all future benefits which he might have accrued under the plan.

■ We hold that the provision of the property settlement agreement awarding Katherine all of the contingent annuity option created a contractual obligation and that any community interest that Alice, Marvin's second wife, might have in the policy was subject to his prior liabilities as provided in TEX.FAM.CODE ANN. sec. 5.61(c) (Vernon 1975) (community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by him before marriage). *See also* TEX.PROB.CODE ANN. sec. 156 (Vernon 1980) (common property subject to the sole or joint management, control, and disposition of a spouse during marriage continues to be subject to the liabilities of that spouse upon death). *See Seaman v. Seaman,* 756 S.W.2d 56 (Tex. App.—Texarkana 1988, no writ).

■ This court on its own motion asked the parties to inform the court as to any applicability that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sec. 1001 et seq., or the Retirement Equity Act of 1984 (REACT), (P.L. 98–397, 98 Stat. 1451) codified as a historical note to 29 U.S.C. Sec. 1001 (1985), might have to the resolution of this case.

Alice argues that ERISA assures her a right to all of the pension because it would preempt the state court order, as a result of the language in section 1144 of the Act to that effect. She does not disagree with the general view that ERISA, at least prior to REACT, does not preempt a state court property division. *See, e.g., Sav. & Profit Sharing Fund of Sears Emp. v. Gago,* 717 F.2d 1038, 1041 (7th Cir.1983); *see also Ryan v. Ryan,* 626 S.W.2d 103 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.). Her contention is that Katherine was not awarded a property right, only Marvin's contractual obligation to designate her as his beneficiary in the future. We do not interpret the provision of the property settlement agreement so narrowly, and find that it was the intention of the agreement that Katherine be awarded all the interest in the contingent retirement benefit.

Both parties appear to agree that REACT, which deals with certain requirements of retirement plans as they relate to spouses and former spouses, is not applicable to this case because Marvin retired prior to the effective date of the Act. We overrule points of error numbers one through six.

■ Alice urges in point of error number seven that the trial court erred in concluding as a matter of law that Katherine Alexander is entitled to recover judgment for attorney's fees against Alice for the breach of contract by Marvin because there is no contractual or statutory basis for such judgment. Katherine sought to recover her attorney's fees in this action. In one of its conclusions of law, the trial court found

that Katherine was entitled to attorney's fees for the "breach of contract by Marvin M. Alexander, Jr. pursuant to the Agreement Incident to Divorce...." Although the portion of the settlement agreement dealing with attorney's fees was not included in the record, the trial court referred to it in announcing its decision. It stated that the settlement agreement provided that if either party should bring an action or other proceedings to enforce the agreement, then the prevailing party is entitled to attorney's fees. We agree with Alice that she has no personal liability for any attorney's fees pursuant to a contract between Marvin and Katherine.

Katherine contends that Alice has contractual privity with her by virtue of being the executrix of Marvin's estate. She cites no authority for her position, except for *Robinson v. Sur. Ins. Co. of Cal.*, 688 S.W.2d 705 (Tex.App.—Fort Worth 1985, no writ). We read that opinion as holding that in order to recover attorney's fees under what is now section 38.001 of the Texas Civil Practices and Remedies Code, there must be privity of contract. We do not read the opinion as conferring individual liability upon a party that might have some liability in a representative capacity. We sustain point of error number seven.

Alice argues in point of error number eight that the trial court erred in finding and concluding as a matter of law that she should be taxed for all of the interpleader's attorney's fees. She admits that this point of error is contingent upon our finding that she should have been entitled to some portion of the retirement benefits. Therefore, in view of our findings as to the remaining points of error, we overrule point of error number eight.

We reform the judgment to delete the award of attorney's fees to Katherine, and affirm the judgment as reformed.