## Ferree v. Ferree et al.

(Decided March 8, 1938.)

R. W. HUNN and DODD & DODD for appellant.

J. E. WISE and D. M. COOPER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Cyrus Ferree was convicted of murder and given a life sentence. While he was confined in the Eddyville penitentiary, his wife, Emma Ferree, brought suit against him in the Hardin circuit court for divorce and alimony and the maintenance of their infant children. Attachments were issued and levied on certain personal and real estate. The real estate consisted of land located partly in Hardin county and partly in Meade county Ferree filed an answer challenging his wife's right to a divorce and alimony. On final hearing she was awarded alimony in the sum of $4,500, and a lien on the land to secure its payment. The land was sold, and she became the purchaser. Later on it was conveyed to Ervin Mercer and Lenora Mercer, who mortgaged it to the West Point Bank. Claiming that the whole divorce proceeding was void, and that he was entitled to recover the personal property on the farm, the bank deposit in the National Bank of Kentucky, and all the real estate which had been purchased and sold by his wife, but if mistaken in this he was entitled to the personal property on the farm, and to the 103¾ acres in Meade county on the ground that the attachments were invalid, and so much of the judgment as gave a lien on such real and personal estate was void, Cyrus Ferree brought this action against his wife, the Mercers, and the West Point Bank for a declaration of rights under the Declaratory Judgment Act. Civil Code of Practice, sec. 639a-1 et seq. A demurrer was sustained to the petition, and the petition was dismissed. Ferree appeals.

In Back's Guardian v. Bardo, 234 Ky. 211, 27 S. W. (2d) 960, we pointed out that the purpose of the Declaratory Judgment Act was to have a declaration of rights not theretofore determined, and not to determine whether rights, theretofore adjudicated had been properly adjudicated, and held that an action will not lie under the Declaratory Judgment Act to determine the propriety of a judgment in a prior action between the same parties. Were the rule otherwise, a proceeding would lie under the Declaratory Judgment Act to determine whether the judgment passing upon the validity of a prior judgment was proper, and there would be no end to that kind of litigation. It follows that the petition was properly dismissed.

Judgment affirmed.