## Ferree v. Ferree et al.

March 25, 1941.

J. E. Wise for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Cyrus Ferree was convicted in the Hardin circuit court for the willful murder of W. H. S. Ritchie in Hardin county, in March 1921. Ferree shot Ritchie from the door of his residence. He was sentenced to life imprisonment in the state penitentiary at Eddyville. He was about 48 years of age at that time and was married and had several children. He owned some personal property and a farm containing about 150 acres; 45 acres lying in Hardin county and 105 acres in Meade county. In 1925, Emma Ferree, the wife, filed Equity Action 7384 in the Hardin circuit court in which she sought a divorce and alimony for herself and maintenance for her three infant children. She also prayed for a general order of attachment against her husband's property and that sufficient property be sold to satisfy any judgment rendered in her favor for alimony and maintenance of the children. Ferree answered, challenging his wife's right to divorce and alimony. Proof was taken and the trial resulted in an absolute divorce decree in favor of Mrs. Ferree. She was given custody of the children and an allowance of $4,500 as permanent alimony, and $35 a month for the support of the infant children. It was further adjudged that the attachment which had been levied upon the personal property and the realty be sustained. Mrs. Ferree became the purchaser of all the property for a sum less than the amount of her judgment. Subsequently, she sold the land to Ervin Mercer and Lenora Mercer, who mortgaged it to the West Point Bank. These latter parties and Mrs. Ferree were made defendants in the proceeding now before us.

Ferree was subsequently pardoned from the penitentiary. Prior to 1938, he filed a proceeding in the Hardin circuit court under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., claiming that the divorce proceeding was void and that he was entitled to recover the personal property on the farm, money which had been on deposit in the National Bank of Kentucky, and the real estate that had been purchased by his wife. His petition set forth that, if he were mistaken in his claim to the aforementioned property, he was at least entitled to the personal property on the farm and to the land in Meade county on the ground that the attachment was invalid and so much of the judgment as gave a lien on the personalty and the land in

Meade county was void. His petition was dismissed. That ruling was affirmed in the case of Ferree v. Ferree, 273 Ky. 238, 115 S. W. (2d) 1055, 1056. During the course of the opinion it was said:

"In Back's Guardian v. Bardo, 234 Ky. 211, 27 S. W. (2d) 960, we pointed out that the purpose of the Declaratory Judgment Act was to have a declaration of rights not theretofore determined, and not to determine whether rights, theretofore adjudicated had been properly adjudicated, and held that an action will not lie under the Declaratory Judgment Act to determine the propriety of a judgment in a prior action between the same parties. Were the rule otherwise, a proceeding would lie under the Declaratory Judgment Act to determine whether the judgment passing upon the validity of a prior judgment was proper, and there would be no end to that kind of litigation. It follows that the petition was properly dismissed."

After this Court's ruling in Ferree v. Ferree, supra, Cyrus Ferree filed the action now before us in the Hardin circuit court. He has made the entire record in the divorce and alimony action (7384) a part of his petition. The relief prayed in this action is substantially that sought in Ferree v. Ferree, supra. A demurrer was sustained to his petition and, upon his declining to plead further, his petition was dismissed; hence this appeal.

The appellant is contending that the record in Equity Action 7384 shows on its face that the court was without jurisdiction of the parties and the subject matter, and therefore the judgment was void.

It is first insisted that, since appellant was confined in the penitentiary at the time the divorce and alimony action was brought against him, it should have been "brought in the county, if known, in which he resided, or claimed his residence, when confined." Section 69, Civil Code of Practice. Mrs. Ferree alleged that she and her husband were residents of the state, that she was a resident of Hardin county, and that she had continuously resided in Hardin county for more than a year before the commencement of the action. In his answer Ferree set forth:

"The defendant for answer to the petition of the

plaintiff herein denies that he and the plaintiff are residents of Hardin County in Kentucky but *say* they are residents of Meade County, Kentucky, and were at the time of the institution of this action."

Pleas to the merits of the action were also made in the answer and amendment thereto. It is to be noted that Ferree did not allege that he was a resident of Meade county at the time of his confinement in the penitentiary. He merely alleged that he and his wife were residents of Meade county at the time of the institution of the action. But passing the question of the sufficiency of Ferree's plea as to jurisdiction of his person, there was presented a situation in which the court was empowered to determine its jurisdiction of the parties. Proof was heard on that question and the court decided that it had jurisdiction. We can not refrain from saying in passing that we think the proof was ample to support the court's finding on that question. But, even if our view were otherwise, still the finding of the court as to jurisdiction would not of itself have rendered the judgment void, but only erroneous, and an attack upon it could not be made collaterally. Maysville & Big Sandy R. Co. v. Ball, 108 Ky. 241, 56 S. W. 188, 21 Ky. Law Rep. 1693; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171; Ratliff v. Childers, 178 Ky. 102, 198 S. W. 718.

We turn now to the question of the court's jurisdiction of the property. That Ferree owned a farm consisting of approximately 150 acres, about two-thirds of which was in Meade county and one-third in Hardin county, is beyond dispute. The sheriff of Hardin county was directed to attach and safely keep the property of Cyrus Ferree in that county not exempt from execution, or so much thereof as would satisfy Mrs. Ferree's claim. The sheriff's return showed:

"Oct. 1st, 1925. Executed by delivering a true copy of the within attachment to J. H. Ferree, he being over 16 years of age and residing on the land owned by Cyrus Ferree who is a prisoner now confined in the penitentiary at Eddyville, Ky., and attaching the property listed on the list hereto attached.

"H. B. Fife, S. H. C.
"By Richard W. Wilson, D. S.

"List (there follows a list of certain items of personal property)

"Oct. 1, 1925. This is the list of the property attached in the case of Emma Ferree v. Cyrus Ferree this property was attached as the property of Cyrus Ferree and left in charge of J. H. Ferree."

It can be seen from the foregoing return that the sheriff of Hardin county levied upon the whole farm consisting of 150 acres. There was no attachment addressed to the sheriff of Meade county. Subsection 1 of Section 203 of the Civil Code of Practice provides that in the case of a levy upon real property the attachment shall be executed by the sheriff by leaving with the occupant thereof a copy of the order, and, in the event there be no occupant, by leaving a copy of the attachment in a conspicuous place upon the property. The return showed that a copy was left with J. H. Ferree, who was occupying the land owned by Cyrus Ferree. There was testimony that the home of the Ferree family was in Hardin county. The tax commissioner of Hardin county testified that he had assessed the property for several years and that the improvements on the farm owned by Cyrus Ferree were in Hardin county.

It is insisted also that the sheriff's return described no real estate, but merely referred to 150 acres of land, more or less. Ferree set forth in his answer that he owned a farm consisting of approximately 150 acres of land. Before Mrs. Ferree was adjudged a lien upon the land, and before it was ordered sold, a complete description of the property was incorporated in the record. There was apparently never any question in the minds of the parties during the progress of the proceeding as to the sufficiency of the sheriff's return, because no question was raised relating thereto. The sheriff's return presented to the court the question of the sufficiency of the description of the property. His decision in granting a lien upon it in favor of Mrs. Ferree and in ordering it sold to satisfy her judgment held, in effect, that the description was sufficient. We think this ruling was correct, but granting that it was not, this of itself would not make the judgment ordering the sale of the property void, but only erroneous, and therefore not subject to collateral attack. Numerous cases are cited by the appellant in support of the contention that the attachment was void because of the alleged defect immediately

under consideration. Most of these cases involve direct appeals from judgments involving attachments and not collateral attacks upon the judgments. We have examined those cases and are not of the opinion that they are in point.

We turn now to the question as to whether the attachment and the levy thereon were void because approximately two-thirds of the land levied upon was in Meade county. The Hardin circuit court is a court of general jurisdiction. We have seen that it had jurisdiction of the parties in Equity Action 7384, or at least a right to determine its jurisdiction therein, question having been raised as to it. The court had jurisdiction also of the nature of the cause of action and the relief sought. Under certain circumstances such a court may direct the sale of real property outside the county in which the action was brought. Furthermore, there are instances as provided in Section 62 of the Civil Code of Practice, Subsection 3, where the court could have ordered the sale of land lying in Hardin and Meade counties. The sheriff's return showed that the attachment had been levied upon the land by leaving a copy of it with the occupant thereof. Unquestionably, the sheriff of Hardin county had a right to levy upon the part of the land in Hardin county, but the court was faced with the question as to whether or not the levy upon the whole tract was proper. When he adjudged a lien upon the property in favor of Mrs. Ferree, and ordered the property sold to satisfy her judgment, he, in effect, ruled that the attachment on the whole tract was sufficient. If he erred in adjudging a lien upon all the land and ordering it sold, would this of itself make the judgment void? We think not. The court had jurisdiction of the nature of the action and the relief sought and jurisdiction of a part if not all of the property involved. If he erred in his ruling, the error was one which would make the judgment only erroneous and not void. It is said in Freeman on Judgments:

> "Jurisdiction of the subject matter has reference to the nature of the cause of action, or the relief sought. It does not mean simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs and over which the authority of the court extends."

It follows from what has been said that it is our view that the judgment in Equity Action 7384 is not subject to collateral attack; nor have any grounds been presented in the appellant's petition which would warrant the setting aside of that judgment. The ruling of the special trial judge in sustaining the demurrer to the petition was correct. Judgment affirmed.

Judge Fulton did not sit in this case.