**Pauline Arky LUTSKY, Plaintiff,**

v.

**C. Israel LUTSKY, Defendant.**

**No. 69–918–Civ–TC.**

United States District Court,
S. D. Florida.

March 18, 1970.

Ralph & Boyd, Miami, Fla., for plaintiff.

Stephen Alexander, Economic Opportunity Legal Services, Miami Beach, Fla., for defendant.

## FINAL JUDGMENT AND ORDER OF DISMISSAL

CABOT, District Judge.

This cause came before the court upon the defendant's motion to dismiss the complaint for lack of jurisdiction over the subject matter. The court has considered the motion, received the advices of counsel, reviewed the file, and is otherwise duly advised in the premises.

The complaint, based upon diversity of citizenship, 28 U.S.C. § 1332, seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the decree of the Marion County Superior Court, State of Alabama, dated February 16, 1960, which purports to dissolve the marriage of the plaintiff and defendant, is null and void. Additional relief generally incident to a divorce is also requested. The complaint alleges that the parties were married on December 1, 1958, and that the plaintiff, Pauline Arky Lutsky, entered into the marriage as the result of false promises made to her by the defendant. These promises, plaintiff asserts, were known by defendant to be false and were relied upon by her to detriment and damage. Paragraph 8 and 9 of the complaint allege that at the time of entry of the divorce decree, February 16, 1960, neither the plaintiff nor defendant was a citizen or resident of Alabama, that the plaintiff never received proper notice of the action, and that the plaintiff did not, at any time prior to that date, employ any attorney or authorize any attorney to represent her in the State of Alabama.

The records before the court indicate that the plaintiff has already presented her grievances to the Alabama state courts and that they have denied her relief. The Alabama Supreme Court refused to disturb the lower court's decree of divorce notwithstanding their express finding of lack of jurisdiction over the parties. That court found that the divorce was a pre-arranged affair, was contemplated by both parties, that the plaintiff, Pauline Lutsky, knew that her husband did not reside in Alabama, and that a New York attorney was employed to represent the plaintiff in her marital differences with her husband. The United States Supreme Court denied plaintiff's petition for certiorari.

The defendant has moved to dismiss the complaint for lack of jurisdiction over the subject matter alleging that the federal district court has no jurisdiction to award a divorce or alimony, and further upon the ground that the plaintiff by her suit seeks to use the federal district court as a state appellate court. The plaintiff, however, asserts that she is not seeking either a divorce or alimony unconnected with divorce, but rather is seeking a "declaration of her marital status" pursuant to the Declaratory Judgment Act.

The diversity statute, 28 U.S.C. § 1332, confers original jurisdiction upon the federal district court where there is a suit between citizens of different states and the jurisdictional amount is satisfied. The statute, however, has had carved from it two judicially made exceptions—divorce and probate—where the federal court will not act even though diversity is present. Wright, Federal Courts, p. 72 (1963). In Barber v. Barber, 1858, 21 How. 582, 584, 62 U.S. 582, 584, 16 L.Ed. 226, 227, the Supreme Court stated:

We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the

allowance of alimony, either as an original proceeding in chancery or as an incident to divorce *a vinculo*, or to one from bed and board.

This dictum from *Barber* has been consistently cited by the Supreme Court in leaving the whole subject of domestic relations to the courts of the various states. Wright, *supra*, at 73. *See*, De La Rama v. De La Rama, 1905, 291 U.S. 303, 26 S.Ct. 485, 50 L.Ed. 765; Simms v. Simms, 1899, 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115; State of Ohio ex rel. Popovici v. Agler, 1930, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489.

■ The plaintiff seeks relief incident to a divorce, which this court is clearly without jurisdiction to grant; however, as plaintiff argues, she primarily seeks a declaration of the marital status of the parties. The fact that federal courts lack jurisdiction to grant a divorce or relief incident thereto does not necessarily mean that they lack jurisdiction to determine the validity of a divorce decree rendered by a foreign court provided there is some jurisdictional basis, such as diversity. "Technically such a declaratory action is not a divorce action although it has the effect of determining the marital relationship of the parties involved." Such an action "is sufficiently akin to an equitable action * * * that jurisdiction over the declaratory action is not precluded by the doctrine that regular federal jurisdiction does not include divorce jurisdiction." 6A Moore, Federal Practice ¶ 57.21 (2d ed. 1966). In Spindel v. Spindel, E.D.N.Y.1967, 283 F.Supp. 797, 810 a case similar in many respects to the instant case, the court stated that "the fact that, incidental to the exercise of federal jurisdiction, there is an impact or effect on a matter which is cognizable in the state courts cannot divest the federal court of its power." Case law does support the proposition that the federal courts have jurisdiction to determine the validity of a state divorce decree pursuant to the Declaratory Judgment Act. Southard v. Southard, 2 Cir. 1962, 305 F.2d 730; (tracing the genesis for this rule of law

to Perkins v. Elg, 1939, 207 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, where the "status" of a child's citizenship was in issue.) Spindel v. Spindel, *supra*; Rosensteil v. Rosensteil, S.D.N.Y.1967, 278 F.Supp. 794; Rapoport v. Rapoport, D.Nev.1967, 273 F.Supp. 482, (Jurisdictional requisites for this type of suit held to include diversity, amount in controversy, and a non-frivolous constitutional question.)

■ However, the fact that this court has subject matter jurisdiction to consider this suit does not necessarily mean that it must do so or that it should ignore the effect of prior litigation upon the rights of the parties to now contest their marital status in this court.

■ As previously noted, the plaintiff has exhausted her state court remedies and has been denied relief by all levels of Alabama courts including the state Supreme Court. In McLain v. Lance, 5 Cir. 1944, 146 F.2d 341, 345, it was stated that:

Where a *State Court*, having jurisdiction in a suit between the *same parties* over the *same subject matter*, has defined and *declared* the rights of the parties, the federal District Court * * * is without power to *redeclare, review, or set aside* such judgment or decree of the state court, whether it be interlocutory or final, *because it is not a court of review for either state or federal cases.* [Emphasis added.]

Here the Alabama state courts have already considered the marital status of the parties and have determined that this plaintiff and this defendant were legally divorced and hence are no longer married to each other. Therefore, this court should not again consider the issue of marital status. "The purpose of the Declaratory Judgment Statute is to adjudicate rights of parties who have not otherwise been given an opportunity to have those rights determined." *McLain, supra*, at 346. Citing *McLain*, the court in Savini v. Nassau County, E.D.N.Y. 1962, 209 F.Supp. 946, 949, stated:

It is well settled that the use of the declaratory judgment procedure, mere-

ly as a means to review decisions already made by the state courts, is improper. \* \* \* [E]ven though it were authorized to render a declaratory judgment, which we leave undecided, such a court would not exercise such power to overturn a prior judgment of a state court of concurrent and competent jurisdiction between the same parties and involving the same questions. No litigant is entitled to two declarations of the same right.

The approach of the Fifth Circuit, first in Brown v. Chastain, 5 Cir. 1969, 416 F.2d 1012, and later in Paul v. Dade County, 5 Cir. 1969, 419 F.2d 10, seems appropriate here. Those cases stand for the proposition that the federal district courts are without jurisdiction to hear federal constitutional claims already litigated in state courts when there is already a final appealable judgment by a state court at the time the federal suit is instituted. They are based upon the proposition that "[s]tate courts are competent to decide questions arising under the federal constitution, and federal courts most assuredly do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts." *Brown, supra,* 416 F.2d at 1014. While the instant suit does not directly involve constitutional issues, nonetheless, the plaintiff is a disgruntled litigant from the Alabama state court, having had, on several occasions, her rights adjudicated adversely to her contentions. While the posture of her state court action, i. e., collateral attack on the divorce decree, differs from the posture of this suit, an independent action for determination of marital status, she has nonetheless had a final state court declaration on this question.

■ The plaintiff cannot rely upon this difference in form between the state and federal court actions as a basis for maintaining this suit. To do so would be to honor form over substance. The state courts have "declared" that the parties were legally divorced and it is not appropriate for this court to declare other-

wise. Clearly this plaintiff is not entitled to two declarations of the same right. The object of the statute, 28 U.S.C. § 2201, is to afford a new form of relief where needed, not to furnish a new forum to re-litigate issues previously decided. *McLain, supra.*

Finally, language from Ferree v. Ferree, 1938, 273 Ky. 238, 115 S.W.2d 1055, 1056, is appropriate:

> \* \* \* the purpose of the Declaratory Judgment Act was to have a declaration of rights not theretofore determined, and not to determine whether rights, theretofore adjudicated had been properly adjudicated, and that an action will not lie under the Declaratory Judgment Act to determine the propriety of a judgment in a prior action between the same parties. Were the rule otherwise, a proceeding would lie under the Declaratory Judgment Act to determine whether the judgment passing upon the validity of a prior judgment was proper, and there would be no end to that kind of litigation.

■ The language of 28 U.S.C. § 2201 is permissive in nature. Thus, in a case or controversy within its jurisdiction any court of the United States *may* declare the rights and other legal relations of any interested party seeking such declaration. The Act confers a discretion upon the court rather than an absolute right upon the litigant. Public Service Comm. of Utah v. Wycoff Co., 1952, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291.

■ Moreover, it is incumbent upon this court to exercise its discretionary power with proper regard for the prior state court judgments which have defined the legal relations between these litigants. "Courts will not countenance the use of declaratory action which would increase friction in our federal-state system." 6A Moore, Federal Practice ¶ 5708 (2d ed. 1966). Given the circumstances of this case and considering the aforementioned authorities, it is clear that this court should not exercise its

discretion in favor of entertaining this action.

Accordingly, it is ordered and adjudged that defendant's motion to dismiss be and the same is hereby granted, and this cause is hereby dismissed with prejudice.