**Emma C. TAYLOR, Plaintiff,**

v.

**FLORIDA STATE FAIR AUTHORITY, State of Florida Department of Agriculture and Consumer Services, Bob Crawford, Commissioner of Agriculture, John H. Stengel and Doyle E. Carlton, Jr., Defendants.**

No. 94–1376–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1995.

Brian L. Weakland, Law Office of Brian L. Weakland, Tampa, FL, for plaintiff.

John W. Campbell, Michael Dennis Malfitano, Malfitano & Campbell, Tampa, FL, for Florida State Fair Authority.

J. Scott Kirk, Jeffrey S. Weiss, Rumberger, Kirk & Caldwell, P.A., Orlando, FL, for State of Florida Dept. of Agriculture and Consumer Services, Bob Crawford.

Steven R. Reininger, Rasco & Reininger, P.A., Miami, FL, for John H. Stengel.

Martin Lee Garcia, Karen E. Ross, Hill, Ward & Henderson, P.A., Tampa, FL, for Doyle E. Carlton, Jr.

*ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANT'S MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This action is before the Court on the following Motions and Responses:

1. Defendant, Florida State Fair Authority's (hereafter "Authority") motion to dismiss count I of the Plaintiff's complaint, filed October 11, 1994. (Docket No. 21)

2. Plaintiff's memorandum in opposition to Defendant Authority's motion to dismiss, filed October 21, 1994. (Docket No. 25)

3. Plaintiff's notice of issuance of right to sue letter, filed October 31, 1994. (Docket No. 28)

4. Plaintiff's renewed motion for leave of court to file amended complaint, filed November 21, 1994. (Docket No. 34)

5. Defendant Authority's response to Plaintiff's motion for leave of court to file amended complaint, filed December 12, 1994. (Docket No. 39)

## FACTS

On September 2, 1994, the plaintiff filed her initial complaint seeking recovery based upon allegations of: Title VII violation, Age Discrimination in Employment Act (ADEA) violation, Florida Human Rights violation, violation of 42 U.S.C. § 1983, violation of 42 U.S.C. § 1985(3), Civil Conspiracy, Tortious Interference, and Civil Conspiracy to Interfere.

On October 11, 1994, the defendant, Florida State Fair Authority, filed the instant motion to dismiss count I of the plaintiff's complaint. Additionally, on November 21, 1994, the plaintiff filed the instant renewed motion for leave to file a first amended complaint. The plaintiff proposes to drop the State of Florida Department of Agriculture and Consumer Services as a named defendant, to add C.H. "Bull" Rigdon, Jr. of Fort Walton Beach, Florida, as a named defendant, and to add counts for Title VII retaliation, retaliation under the ADEA, and retaliation under the Florida Civil Rights Act.

## DISCUSSION

### I.  Leave to Amend

■ A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, the court's discretion is severely circumscribed. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. Therefore, because "this mandate is to be heeded," there must be a "justifying reason" for a court to deny leave. *Id.; see also Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 443 (11th Cir.1985) ("substantial reason" needed).

■ In *Foman,* the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. In the case at hand, the defendant argues that the Court should deny the plaintiff's motion for leave to amend because the circumstances surrounding the plaintiff's motion constitute undue delay and because the proposed amended complaint is futile.

### *Undue Delay*

■ The defendant first argues that the circumstances surrounding the plaintiff's mo-

tion constitute undue delay. The defendant notes that the plaintiff brought her motion after the entry of the Case Management and Scheduling Order and that Local Rule 3.05(c)(2)(E) provides that a motion to amend any pleading after the entry of the case management and scheduling order is "distinctly disfavored." Regardless of the local rule, it does not appear that the plaintiff's actions in bringing her motion for leave to amend constitute undue delay.

The plaintiff initially instituted her action on September 2, 1994. On October 1, 1994, the *St. Petersburg Times* reported that two (2) of the defendants allegedly conspired with another member of the Florida State Fair Authority to remove the plaintiff from her position with the Authority in retaliation for the claim the plaintiff filed with the Equal Employment Opportunity Commission. On the basis of this newly discovered evidence, the plaintiff conducted the necessary investigation and research to prepare an amended complaint, adding a new defendant and claims for retaliation. The plaintiff filed her motion for leave to amend her complaint on November 21, 1994, less than three months after she initially instituted the action.

■ Even if the plaintiff's actions did constitute undue delay, the defendant has not alleged any real prejudice resulting from the delay and it is doubtful that it could. It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial. *See Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir.1981). In the case at hand, the parties are still in the early stages of litigation. Although the parties have completed the case management report, discovery has not commenced and trial is not scheduled until at least March of 1996. Therefore it cannot be said that any delay by the plaintiff in bringing her motion for leave to amend caused any real prejudice to the defendant.

### *Futility of Amendment*

■ The defendant's second argument in opposition to the plaintiff's motion for leave to amend is that allowing the amendment would be futile because the new counts in the proposed amended complaint fail to state a cause of action upon which relief can be granted. If correct, such a conclusion would be sufficient to support a denial of leave to amend. *Rudolph v. Arthur Andersen & Co.,* 800 F.2d 1040, 1042 (11th Cir. 1986), *cert. denied,* 480 U.S. 946, 107 S.Ct. 1604, 94 L.Ed.2d 790 (1986). However, leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980). That is not the case here. The determination of whether the defendant Florida State Fair Authority authorized the alleged retaliatory acts by defendants Carlton, Stengel, or Rigdon, or held these individuals out as its authorized agents with regard to the alleged retaliatory actions, appears to require a complex factual inquiry. As such, the proposed amended complaint is not frivolous or clearly insufficient on its face and the plaintiff's motion for leave to amend should therefore not be denied on the ground of futility. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 511 (4th Cir.1986) (complexity of argument proves amendment not frivolous or clearly insufficient).

### II. *Motion to Dismiss*

■ The defendant argues that the Court should dismiss count I (violation of Title VII) because the plaintiff failed to satisfy the procedural prerequisites for filing an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Specifically, the defendant alleges that the plaintiff has not obtained a right to sue letter from the United States Attorney General prior to bringing her action.

On August 4, 1994, the plaintiff requested a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Because the plaintiff is a public employee, the EEOC forwarded the matter to the Civil Rights Division of Justice on August 24, 1994, for issuance of the letter. On August

30, 1994, the plaintiff requested speedy issuance of the letter from the Department of Justice. The plaintiff notified the Court of the issuance of the right to sue letter on October 31, 1994, ten days after filing her response to the instant motion to dismiss. Therefore, due to the plaintiff's receipt of the right to sue letter and because this Court has granted the plaintiff's motion for leave to amend, the defendant's motion to dismiss count I of the plaintiff's complaint is denied.

### CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Renewed Motion for Leave to Amend is not unduly delayed, the proposed amendment is not futile, and Plaintiff has received a right to sue letter from the United States Department of Justice, Civil Rights Division. Accordingly, it is

**ORDERED** that Plaintiff's Renewed Motion for Leave to File a First Amended Complaint (Docket No. 34) be **GRANTED** and Defendant's Motion to Dismiss (Docket No. 21) be **DENIED.**

**DONE AND ORDERED.**