**Charles REYHER, Plaintiff,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES and Trans World Airlines, Inc., Defendants.**

Nos. 91–84–Civ–FTM–17, 93–84–Civ–FTM–17.

United States District Court, M.D. Florida, Fort Myers Division.

Oct. 4, 1995.

William D. Mitchell, Mitchell & Associates, P.A., Tampa, FL, for plaintiff.

Joseph W. Clark, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for defendants.

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This action is before the Court on the following Motions and Responses:

1. Plaintiff's Motion for Reconsideration filed on July 5, 1995. (Docket No. 90) Defendants' response filed on July 24, 1995. (Docket No. 93)

2. Defendants', The Equitable Life Assurance Society of the United States (hereafter "Equitable") and Trans World Airlines, Inc. (hereafter "TWA"), Motion

for Summary Judgment, filed on June 30, 1995. (Docket No. 81) Plaintiff's response filed on August 14, 1995. (Docket No. 96)

### PLAINTIFF'S MOTION FOR RECONSIDERATION

### FACTUAL BACKGROUND

The Plaintiff was hired by TWA on or about May 19, 1947. (Docket Nos. 1, 20) Equitable issued a group annuity contract to TWA, which provided that Equitable would pay the Plaintiff an annuity. (Docket Nos. 1, 20) The Plaintiff retired on or about June 21, 1982. (Docket Nos. 1, 20) On May 9, 1985, a Final Judgment of Dissolution of Marriage was entered which awarded the Plaintiff's wife one-half ownership interest in the Plaintiff's retirement plans and provided that payments were to be made directly to his wife. On June 20, 1988, a Second Amended Final Judgment Regarding Retirement Benefits (hereafter "Amended Final Judgment") was entered which was specifically intended to be a Qualified Domestic Relations Order (hereafter "QDRO"). In paragraph 14 of the Second Amended Final Judgment the state court expressly reserves jurisdiction "for implementation and clarification of all portions of this Judgment as well as any portion of the Amended Final Judgment for the Dissolution of Marriage entered in the above styled case to which this Order is an Amendment."

On April 9, 1991, Plaintiff's complaint was filed in this Court alleging Count I breach of contract and Count II negligent breach of contract. (Docket No. 1) In the Plaintiff's complaint, he alleges as a general allegation that he is a "participant" in the retirement benefit plan. (Docket No. 1) In Count II of the complaint, the Plaintiff alleges he is not a "participant" in the retirement benefit plan. (Docket No. 1)

Plaintiff requests the Court to reconsider an Order denying the Plaintiff's Motion to Amend filed on June 22, 1995. (Docket No. 76) The plaintiff asserts that the Court may have relied on misstatements in the Defendants' response to the Plaintiff's Motion for Leave to Amend and the Court failed to

consider *Taylor v. Florida State Fair Authority,* 875 F.Supp. 812 (M.D.Fla.1995).

On June 30, 1995, the Defendants filed a Motion for Summary Judgment. (Docket No. 81) On August 14, 1995, the Plaintiff filed a response which asks the Court to deem the Plaintiff as a non-participant in the retirement benefit plan. (Docket No. 96)

### STANDARD OF REVIEW

■ A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal. 1986). The Court will not reconsider when the motion does not raise new issues but only relitigates what has already been found lacking. *Government Personnel Services, Inc. v. Government Personnel Mutual Life Insurance Co.,* 759 F.Supp. 792 (M.D.Fla.1991).

The Plaintiff's Motion for Reconsideration fails to set forth any new facts which would compel this Court to reverse its prior decision. Moreover, the Plaintiff does not assert any new evidence from the time the Court's order was entered. The Plaintiff's Motion for Rehearing focuses on rebutting the reasons that the Plaintiff's Motion for Leave to Amend was denied.

■ The Supreme Court has set forth three instances in which a court should deny leave to amend a pleading: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, *or* (3) the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ The Court's Order Denying Leave to Amend clearly sets forth the analysis used in determining that the Motion for Leave to Amend was unduly delayed. Moreover, this

Court is concerned that the Plaintiff may be acting on an improper purpose. Pursuant to *Foman,* this Court was acting within its discretion to deny leave to amend. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230.

The Plaintiff contends that the Court did not give proper consideration to *Taylor v. Florida State Fair Authority,* supra. Even though the Plaintiff's contention fails to qualify as "an intervening change in controlling law", the Court will distinguish the *Taylor* case from the case at bar. *Kern–Tulare Water Dist.,* 634 F.Supp. at 665. In *Taylor,* the plaintiff filed a motion for leave to amend less than three (3) months after her original complaint was filed. *Taylor,* 875 F.Supp. at 815. Moreover, the parties were still in the early stages of litigation and discovery had not even commenced. *Id.* In the instant case, the Plaintiff filed his complaint in April of 1991 and has engaged in discovery with the Defendants. In fact, this Court closed discovery in this case as of June 1995.

The Plaintiff also asserts that the Court may have relied on misstatements asserted in the Defendants' Response to the Motion for Leave to Amend. This contention seems to allege that the Court should reconsider in order to "correct clear error or manifest injustice." *Kern–Tulare Water Dist.,* 634 F.Supp. at 665. Although, the Plaintiff's Motion for Rehearing merely attempts to rebut the alleged misstatements, it fails to show how the Court's Order in Denying the Motion for Leave to Amend was clearly erroneous, or how some sort of manifest injustice would result.

The Plaintiff fails to assert any one of the three (3) grounds justifying reconsideration of the Order Denying the Plaintiff's Motion to Amend. Moreover, the Plaintiff does not set forth any new issues which were not previously decided in the Court's order. The Court does not find it necessary to reconsider its previous order.

### *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*
### STANDARD OF REVIEW

A motion for summary judgment should only be granted where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute, when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). The plain language of Federal Rule 56(c) requires that summary judgment be granted after "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, the non-moving party must go beyond the pleadings, pursuant to Rule 56(e), in establishing whether there are specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

### DISCUSSION

Plaintiff urges the Court to find that he is not a "participant" in the employee benefit plan set up by Equitable. He further argues that the Equitable plan is not within the purview of the Employment Retirement Income Security Act (hereafter ERISA), 29 U.S.C. § 1001 *et seq.* The Plaintiff seems to contend that if he is not a participant in a ERISA plan, then the QDRO that was issued in the Second Amended Final Judgment in the dissolution of his marriage will not apply. This reasoning is questionable at best given this Court's recent ruling in the Plaintiff's companion cases, consolidated as Case No. 94–918–Civ–T–17E. The companion cases, as with the case at bar, arise out of the disposition of retirement benefits pursuant to the Plaintiff's dissolution of marriage. In June 1995, this Court dismissed the companion cases for lack of subject matter jurisdiction. This Court deemed that the Second Amended Judgment in the dissolution of the Plaintiff's marriage was, in fact, a QDRO. Therefore, the Court denied jurisdiction and stated that the Plaintiff should utilize the state court, which specifically reserved jurisdiction, to review and modify the QDRO.

It is well settled that federal courts will not review domestic relations cases, because state courts traditionally have jurisdiction over those matters. See *Hisquierdo v.*

*Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979), *Eichelberger v. Eichelberger,* 584 F.Supp. 899 (D.C.Tex. 1984). This Court deems the issues involved in this case arise out of the Plaintiff's divorce decree and, accordingly, defers to the state court.

## I. *BREACH OF CONTRACTUAL DUTIES*

■ The Plaintiff contends that the Defendants' should have disregarded a court order which granted his wife one-half ownership interest in his retirement benefit plan because of an anti-alienation clause in the contract. The Plaintiff asserts that the anti-alienation clause gives rise to a duty for Equitable not to alienate any of the Plaintiff's benefits. The Plaintiff argues that Equitable merely alienated his retirement benefits instead of following a court order. The anti-alienation clause is as follows:

> No sum payable under this contract with respect to a participant may be assigned, commuted, or encumbered by the payee, and, to the extent permitted by law, (emphasis supplied) no such sum shall in any way be subject to legal process to subject the same to the payment of any claim against such payee. Contract s. 5.11

The Court finds that the Plaintiff's argument that Equitable had a duty to disregard a court order wholly without merit. Assuming arguendo that the Second Amended Judgment to the Plaintiff's dissolution of marriage is not a QDRO, this circuit has recognized "that a state garnishment order used to satisfy court ordered family support payments is exempted from alienation and assignment proscriptions of ERISA." *Bowen v. Bowen,* 715 F.2d 559, 560 (11th Cir. 1983). Even if the Plaintiff's retirement benefit plan was not within ERISA and the QDRO was not preempted by ERISA's general preemption provision, Equitable would have no duty to disregard a court order mandating that half of the retirement benefits would be paid to an alternate payee, the Plaintiff's ex-wife.

This Court has already stated to the Plaintiff that central to each case is the interpretation of Plaintiff's divorce decree. (Order

Denying Plaintiff Leave to Amend, p. 3, Docket No. 76, Case No. 91–84–Civ–FTM–17D) The Plaintiff is trying to create a breach of contractual duty where none exists in order to re-adjudicate the Final Judgment of Dissolution of Marriage. This Court finds no material issue of fact remains to be determined and defers to the State Court where the Amended Final Judgment was entered for redetermination of the Plaintiff's retirement benefits.

The Defendants are entitled to a summary judgment, as a matter of law, as to Count I of the complaint.

## II. *NEGLIGENCE*

■■ In Plaintiff's complaint he alleges negligent breach of contract. It is well settled law in Florida "that contract principles are more appropriate than tort principles to resolve purely economic claims." *Florida Power & Light Co. v. Westinghouse Electric Corp.,* 510 So.2d 899, 900 (Fla.1987). The Economic Loss Doctrine provides that one is precluded from "recovery for economic loss in tort without a claim for personal injury or property damage to other property." *Id.* at 899. The Plaintiff did not allege any physical injury, nor property damage beyond the breach of contract claim. Furthermore, the Plaintiff has not brought forth any evidence of any injury to the Plaintiff other than an alleged economic loss. Applying Florida law, the Plaintiff's claim for negligent breach of contract would be barred by the Economic Loss Doctrine.

The Plaintiff contends that New York law should apply. The Court believes that the Plaintiff's claim should be in the state court which has specifically reserved jurisdiction over the subject matter. Although, assuming that New York law would apply, there are no facts or evidence that would substantiate the Plaintiff's claim for negligent breach of contract. According to New York law:

> the fact that acts constitute a breach of contract does not mean they cannot also give rise to liability in tort; where conduct alleged breaches a legal duty which exists independent of contractual relations be-

tween the parties, a plaintiff may sue in tort in New York.

*Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 899 (1980).

The Plaintiff has failed to show that the Defendants' had an independent legal duty to the Plaintiff. Moreover, the Defendants' did not have a duty to disregard the Second Amended Judgment which ordered one half of the Plaintiff's retirement benefits to be paid to his ex-wife. Therefore, as to Count II of the Complaint the Defendants are entitled to a summary judgment as a matter of law. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Reconsideration be **denied** (Docket No. 90); the Defendants' Motion for Summary Judgment be **granted** (Docket No. 81), and the Clerk of Court be **directed** to enter judgment for the Defendants.

**DONE and ORDERED.**