**Joseph J. RASH, Plaintiff,**

v.

**Joann H. RASH, Defendant.**

**No. 96–1077–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

March 26, 1997.

---

Joe Manuel Gonzalez, Joe Manuel Gonzalez, P.A., Tampa, FL for plaintiff.

C. Michael Magruder, Law Office of C. Michael Magruder, Kissimmee, FL for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant Joann H. Rash's Motion to Dismiss Complaint for Declaratory Judgment and Permanent Injunction (Dkt.5) on the following grounds: 1) failure to state a cause of action; 2) lack of subject matter jurisdiction; and 3) lack of personal jurisdiction. In response, Plaintiff Joseph J. Rash has filed a Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt.15). Upon consideration, this Court concludes that subject matter jurisdiction is lacking in this action and grants the motion to dismiss.

### BACKGROUND

Plaintiff, Joseph J. Rash, and Defendant, Joann H. Rash, were married on February 10, 1968 in Philadelphia, Pennsylvania. On February 25, 1994, Joseph Rash began divorce proceedings against Defendant in Hernando County, Florida. Defendant Joann Rash was served with the Plaintiff's petition for dissolution of marriage on March 14, 1994 in New Jersey.

On March 21, 1994, Joann Rash filed suit for dissolution of marriage in Cape May County, New Jersey. On March 31, 1994, the New Jersey court entered a Temporary Injunction restraining Plaintiff Joseph Rash from proceeding in personam against Joann Rash in the Florida action and from proceeding to obtain relief on any issues regarding equitable distribution of personal and real property, attorney's fees, costs, suit money, and the parties' marital debt. Defendant Joann Rash alleges that both parties were represented by counsel at the New Jersey hearing on the Temporary Injunction.

Defendant further alleges that counsel for Plaintiff Joseph Rash filed a Motion to Proceed in the Florida action on July 8, 1994, which the Florida court granted. On December 14, 1994, the New Jersey court revisited the issue of in personam jurisdiction and again found that the State of Florida inappropriately asserted in personam jurisdiction over Joann Rash. In its order, the New Jersey court stated that the State of New Jersey had sole in personam jurisdiction over both parties and that it was the proper forum for resolving issues relating to distribution of property and support. Nevertheless, on October 21, 1994, the Fifth Judicial Circuit, Hernando County, Florida, entered a Final Judgment of Dissolution of Marriage in the Florida proceeding. In the New Jersey action, a Final Judgment of Divorce was entered in the Chancery Division of the Superior Court of New Jersey, Cape May County on June 19, 1995.

Pursuant to the Florida judgment, the court awarded Joseph Rash the "sole and exclusive ownership of his individual Pennsylvania Public School Employees' Retirement System pension," excluding Joann Rash from any benefit thereof. The Florida court also determined that Joann Rash would not be entitled to any form of support from Joseph Rash, whether it be temporary, per-

manent, periodic, and/or lump sum alimony. Furthermore, the former marital home in Del Haven, New Jersey was to be divided equally between the parties. The Florida judgment also directed that each party retain "sole and exclusive possession and ownership of any and all accounts, personal property and real property in their individual names," including any insurance policies owned by the parties.

On the other hand, the New Jersey court awarded Joann Rash fifty percent (50%) of Joseph Rash's retirement pension in addition to one-half of any increases in the future. The former wife was also granted fifty percent (50%) of Joseph Rash's Social Security monthly benefit, as well as one-half of any increases in the future. Additionally, the New Jersey court awarded Joann Rash permanent alimony at $25.00 per week. Pursuant to its decree, the New Jersey court also directed that the funds from the sale of the marital home be divided equally, with Joseph Rash's portion subject to certain credits and debits. Joseph Rash received the property located in Spring Hill, Florida, subject to a credit of $500 in favor of Joann Rash. The New Jersey court also ordered that any insurance policies owned by the parties be equally divided.

On March 18, 1996, the New Jersey court entered a Domestic Relations Order. The order requires that the Administrator of the Plaintiff's pension pay fifty percent (50%) of Joseph Rash's monthly benefit to Joann Rash. Subsequently, the Plaintiff was notified by letter that one-half of his monthly benefit would be deducted and directed to the Defendant.

### DISCUSSION

■ Plaintiff Joseph Rash argues that the Florida divorce decree, granted prior to the New Jersey judgment of divorce, is entitled to full faith and credit in New Jersey. Plaintiff contends that once the Defendant was properly served with the complaint in the Florida action, Florida's long-arm statute provided personal and subject matter jurisdiction in the Florida court. Accordingly, Plaintiff asserts that the New Jersey court was bound by the Florida judgment.

Defendant Joann Rash contends that the Florida judgment was unenforceable because the court lacked in personam jurisdiction over her in the Florida action. Defendant argues that the temporary injunction granted by the New Jersey court, restraining Plaintiff Joseph Rash from proceeding with the Florida suit (albeit ineffectively), invalidates the Florida judgment.

Article IV, section 1 of the U.S. Constitution provides that:

Full faith and credit shall be given in each State to the public acts, records, and judicial proceeding of every other State. And the Congress may be general laws prescribe the manner in which such acts, records and proceedings shall be provided, and the effect thereof.

Furthermore, 28 U.S.C. § 1738 provides in pertinent part:

Such acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

■ Accordingly, the full faith and credit clause of the Constitution and 28 U.S.C. § 1738 generally require a state court to give effect to a sister state court's judgment. *Fehlhaber v. Fehlhaber*, 669 F.2d 990, 994 (5th Cir.1982). However, a prior court's judgment may not take effect if the original court lacked personal or subject matter jurisdiction over the action. *Id.* Specifically, a judgment of divorce granted in one state should be valid in all other states "as long as the jurisdictional facts, including domicile, are validly established whenever the decree is questioned." *Holm v. Shilensky*, 388 F.2d 54, 56 (2d Cir.1968).

Here, the jurisdictional facts are not validly established. The New Jersey court found that the Florida court lacked in personam jurisdiction over the Defendant Joann Rash and thus entered a temporary injunction proscribing Plaintiff Joseph Rash from further proceeding with the Florida divorce action. Both parties were represented by counsel at

the New Jersey hearing on the temporary injunction and thus were afforded an opportunity at that time to present their arguments. The New Jersey court determined that it had sole in personam jurisdiction over both parties and therefore was the appropriate forum in which to litigate the issues.

■ The Full Faith and Credit clause does not operate in this case to enforce the Florida judgment because the Florida court did not have personal jurisdiction over the Defendant Joann Rash. Consequently, the Florida court could not adjudicate alimony and property rights between the parties and therefore the Florida judgment was not res judicata on these issues in the New Jersey action. *See Binger v. Binger,* 555 So.2d 373 (Fla. 1st DCA 1989), citing *Pawley v. Pawley,* 46 So.2d 464 (Fla.1950).

Defendant Joann Rash moves to dismiss Plaintiff's Complaint for Declaratory Judgment and Permanent Injunction filed in this Court for lack of subject matter jurisdiction. Defendant contends that because the issues in this action have already been litigated in the State of New Jersey, this Court lacks jurisdiction.

■ Federal courts are courts of limited jurisdiction, and the basis of such jurisdiction must be affirmatively shown. *Kirkland Masonry, Inc. v. C.I.R.,* 614 F.2d 532, 533 (5th Cir.1980). While the diversity statute, 28 U.S.C. § 1332, may confer jurisdiction on federal district courts where there is diversity of citizenship and a sufficient amount in controversy, there is an exception regarding divorce proceedings. *Lutsky v. Lutsky,* 310 F.Supp. 517, affirmed 433 F.2d 346 (5th Cir. 1970). Federal courts usually decline review of domestic relations cases because state courts traditionally have jurisdiction over such cases. *Reyher v. Equitable Life Assur. Soc. of U.S.,* 900 F.Supp. 428, 431–32 (M.D.Fla.1995), citing *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979).

■ This Court finds that Plaintiff Joseph Rash has failed to affirmatively establish a basis for subject matter jurisdiction in this action. Furthermore, the issues involved in this case emanate from the original divorce proceedings; therefore, the state courts should retain jurisdiction. Because this action must be dismissed for lack of subject matter jurisdiction, this Court finds it unnecessary to address Plaintiff's other grounds for dismissal. Accordingly, it is

**ORDERED** that the Defendant Joann Rash's Motion to Dismiss Complaint for Declaratory Judgment and Permanent Injunction be **granted** (Dkt.5). The Clerk of Court shall enter a final judgment of dismissal.