**WI–LAN INC, Plaintiff,**

v.

**HTC CORPORATION et al., Defendants.**

Case No. 8:13–mc–00035–T–23MAP.

United States District Court, M.D. Florida, Tampa Division.

June 17, 2013.

Jason Blackstone, McKool Smith P.C., Dallas, TX, Robert A. Cote, McKool Smith, P.C., New York, NY, Samuel F. Baxter, McKool Smith, P.C., Marshall, TX, Richard E. Fee, IP Enforcement Law Group P.A., Tampa, FL, for Plaintiff.

## ORDER

MARK A. PIZZO, United States Magistrate Judge.

Before the Court is Plaintiff's motion for reconsideration of my endorsed order granting Richard D. Gitlin's motion to quash subpoena and for protective order (doc. 5), and third-party witness, Richard D. Gitlin's ("Gitlin") response (doc. 6). Only limited circumstances prompt reconsideration of a court order. These include (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Reyher v. Equitable Life Assur. Soc. of U.S.,* 900 F.Supp. 428, 430 (M.D.Fla.1995);

*Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994).

██ Plaintiff fails to address which one of these circumstances apply. Instead, Plaintiff argues that because the Court ruled upon Plaintiff's motion without an opportunity for Plaintiff to file a response, the Court was not advised of the factual and legal reasons why the Court should deny Gitlin's motion. Nonetheless, Plaintiff's factual and legal reasons do not persuade the Court to reconsider its endorsed order. Plaintiff is not seeking to depose a fact witness. Instead, Plaintiff is seeking to depose an expert on his opinion as to the patents-in-suit. In fact, Plaintiff seeks a similar opinion to one the expert rendered in a previous case for Plaintiff, albeit this time, Plaintiff wants that opinion for free. This the Court will not allow. *See* Fed.R.Civ.P. 45(c)(3)(B)(ii) advisory committee's note (Although "[e]xperts are not exempt from the duty to give evidence, even if they cannot be compelled to prepare themselves to give effective testimony, compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services.").

Furthermore, Plaintiff has not demonstrated a substantial need for the expert's testimony that it cannot obtain without "undue hardship, which is necessary to overcome a motion to quash by an unretained expert." *See* Fed.R.Civ.P. 45(c)(3)(C); Fed.R.Civ.P. 45(c)(3)(B)(ii) advisory committee's note (An expert can "withhold their expertise" unless the subpoenaing party can "show[ ] a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and ensures that the subpoenaed person will be reasonably compensated"); *see also Chavez ex rel. v. Board of Educ. of Tularosa Mun. School,* No. CIV–05–380JB/RLP, 2007 WL 1306734, at *6

(D.N.M. Feb. 16, 2007). Plaintiff has not demonstrated that there are no other comparable witnesses that are unwilling to testify on its behalf regarding the subject patents-in-suit. *Id.* (holding the subpoenaing parties failed to demonstrate they could not obtain "substantial equivalent" testimony to that of the un-retained expert). Accordingly, I find it unnecessary to reconsider my order because Plaintiff has failed to present any argument that there was an intervening change in controlling law, new evidence, or the need to correct a clear error. I further find that no manifest injustice will result. After consideration, it is hereby

**ORDERED:**

1. Plaintiff's motion for reconsideration of Richard D. Gitlin's motion to quash subpoena and for protective order (doc. 5) is DENIED.